IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CINCINNATI INSURANCE
COMPANY,

      Plaintiff,

v.                                    No.

DEL SOL CONDOMINIUM HOMEOWNERS'
ASSOCIATION, INC., and
RHINO ROOFING, INC.

      Defendants.

**COMPLAINT FOR DECLARATORY RELIEF AND UNJUST ENRICHMENT**

      Plaintiff Cincinnati Insurance Company ("CIC") hereby brings this Complaint for Declaratory Relief and Unjust Enrichment against Defendant Del Sol Condominium Homeowners' Association, Inc. ("Del Sol") and Defendant Rhino Roofing, Inc., ("Rhino Roofing") and alleges as follows:

**THE PARTIES**

      1.      CIC is a corporation organized under the laws of Ohio with its principal place of business in Fairfield, Ohio.

      2.      Del Sol is a domestic non-profit corporation incorporated in the State of New Mexico.

      3.      Rhino Roofing, Inc. is a domestic profit corporation incorporated in the State of New Mexico.

**JURISDICTION AND VENUE**

      4.      The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because at issue in this case is Defendant's claimed entitlement under its CIC policy to a new roofing system for several

1

condominium buildings, which an umpire determined to have a loss replacement cost of $2,334,173.10, and an actual cash value of $1,793,757.09.

5.     Further, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because CIC seeks reimbursement from Rhino Roofing for its unjust enrichment of some or all of the payment of $1,793,757.09, as Rhino Roofing was prohibited in the State of New Mexico from negotiating with CIC on behalf of its insured and the insured's assignment to Rhino Roofing was void as against public policy.

6.     Thus, there is complete diversity of citizenship as to all parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7.     The claims at issue in this action arose in the District of New Mexico and Defendants are citizens of the State of New Mexico.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

8.     Del Sol is the named insured under a CIC policy (number EPP 012 17 44) that provides certain insurance coverage for a condominium complex located at 8333 Comanche Rd. NE, Albuquerque, NM 87110.  *See* Policy attached hereto as Exhibit A.

9.     Del Sol is a condominium complex of sixteen four-plex buildings.  Each building a two-story wood-framed building with over 4,500 square feet of area.  There are stucco exterior facades and various types of flat roof systems on each building.

10.     Del Sol claims that on or about November 5, 2016, all of the buildings in the condominium association were damaged by hail.

11.     Del Sol made a claim (2790046) under its CIC policy for the alleged losses.

12.     CIC evaluated the claim and determined that some portions of the buildings, but not all, were damaged by hail.  Other portions of the buildings showed signs of deterioration and wear-and-tear.

13.     CIC issued a check for the actual cash value of the damage, less applicable depreciation, on April 19, 2017 for $105,709.94.

### *The Appraisal*

14.     The Policy provides that if the parties disagree as to the amount of the loss, either party may demand appraisal.

15.     Del Sol demanded appraisal.

16.     The umpire determined the actual cash value of the loss was $1,793,757.09.

17.     The award contained the following disclaimer:

> In issuance of this award prior payments, deductible, and coverage are not addressed. It Should be noted there may be increased cost due to law and ordinance or code compliance These items are subject to coverage determination and are not included in this award and should be Considered by both parties as determined and documented. In addition, there has been no consideration in this appraisal for any damages to the interior due to wind/hail as there was no consideration shown in the carrier's reports.  This award should not be construed as determining there is no loss to the interior, only that interior damages were not considered as part of this appraisal panel.

18.     The Policy states that CIC retains the right to deny the claim after appraisal.

### *Power of Attorney*

19.     On November 20, 2017, Del Sol through its agent executed a "Limited Power of Attorney for Insurance Claim" ("POA") appointing Rhino Roofing and its representatives as Del Sol's "attorney-in-fact."

20.     Rhino Roofing, Inc. is a roofing contractor – its qualifying party with the New Mexico Construction Industries Division carries a GS21 roofing license.

21.     The POA purports to allow Rhino Roofing to "correspond with, provide information to, and receive information from [CIC] regarding any claim."

22.     The POA purports to assign from Del Sol to Rhino Roofing "any right of the insured to collect for extra contractual damages, consequential damages, common law damages, and statutory damages."

23.     The POA purports to allow Rhino Roofing to file suit in Rhino Roofing's name and to collect all proceeds relating to the claim.

24.     Rhino Roofing has communicated and negotiated with CIC on behalf of Del Sol regarding the insurance claim at issue in this case.

25.     Rhino Roofing, through its agent, Thomas Pennington, has stated it is the "contractor" for Del Sol.

26.     Rhino Roofing, through its agent, Thomas Pennington, requested CIC to issue a check for insurance proceeds identifying Rhino Roofing on the check, and mailed to Rhino Roofing.

27.     Upon information and belief, neither Rhino Roofing nor its agent, Thomas Pennington, are licensed New Mexico insurance adjusters or consultants.

### *New Mexico Statute Prohibits Contractors from Adjusting Claims*

28.     No personal shall act as an adjuster or an insurance consultant in New Mexico or transact insurance unless licensed as an insurance adjuster or consultant by the superintendent. NMSA 1978, §§ 59A-11A-3, 59A-13-3.

29.     "Transacting insurance" includes the following activities with respect to an insurance contract: Solicitation, inducement, negotiation, and transaction of matters arising out of the contract.  NMSA 1978, § 59A-1-13.

30.     An "adjuster" is a person that "investigates, negotiates, settles, or adjusts a loss or claim arising under an insurance contract on behalf of an insurer, insured, or self-insurer for a fee, commission, or other compensation."  NMSA 1978, § 59A-13-2(A)(1).

31.     A contractor may not act as an adjuster for any property where the contractor is providing roofing or other contractor services.  NMSA 1978, § 59A-13-13.

32.     A contractor who is an agent of the insured is not exempted from the requirements of the Insurance Code.  NMSA 1978, § 59A-1-15; *see also* NMSA 1978, § 59A-1-16; NMSA 1978, § 59A-13-2(B).

33.     A licensed construction professional is prohibited from "performing, or holding oneself out as able to perform, professional services beyond the scope of one's license and field or fields of competence."  NMAC 14.5.8.8.

*Policy Provisions*

34.     The Policy contains the following provisions and exclusions:

> All Coverage Parts included in this policy are subject to the following conditions.

> **F. Transfer of Your Rights and Duties Under this Policy**
>
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

Common Policy Conditions, Section F.

> **SECTION A. COVERAGE**
>
> We will pay for direct physical "loss" to Covered Property at the "premises" caused by or resulting from any Covered Cause of Loss.

Policy, Section A.

### 3. Covered Causes of Loss

#### a. Risks of Direct Physical Loss

Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the "loss" is:

(1) Excluded in **SECTION A. COVERAGE, 3. Covered Causes of Loss, b. Exclusions**; or

(2) Limited in **SECTION A. COVERAGE, 3. Covered Causes of Loss, c. Limitations**;

that follow.

Policy, Section A(3)(a).

#### b. Exclusions

(1) We will not pay for "loss" caused directly or indirectly by any of the following, unless otherwise provided. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

Policy, Section A(3)(b)(1).

**(a) Ordinance or Law**

Except as provided in **SECTION A. COVERAGE, 4. Additional Coverages, g. Ordinance or Law**, the enforcement of any ordinance or law:

1) Regulating the construction, use or repair of any building or structure; or

2) Requiring the tearing down of any building or structure, including the cost of removing its debris.

This exclusion applies whether "loss" results from:

1) An ordinance or law that is enforced even if the building or structure has not been damaged; or

2) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of any building or structure, or removal of its debris, following a physical "loss" to that building or structure.

Section A(3)(b)(1)(a).

Exclusions **b.(1)(a)** through **b.(1)(h)** apply whether or not the "loss" event results in widespread damage or affects a substantial area.

Section A(3)(b)(1).

**(2)** We will not pay for "loss" caused by or resulting from any of the following:

**(d) Miscellaneous Causes of Loss**

1) Wear and tear;

2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

Section A(3)(b)(2)(d)(1)-(2).

**(3)** We will not pay for "loss" caused by or resulting from any of the following: **(3)(a)** through **(3)(c)**. However, if an excluded cause of loss that is listed in **(3)(a)** through **(3)(c)** results in a Covered Cause of Loss, we will pay for that portion of "loss" caused by that Covered Cause of Loss:

**(c)  Defects, Errors, and Omissions**

    **1)**  An act, error, or omission (negligent or not) relating to:

        **a)**  Land use;

        **b)**  Design, specifications, construction, workmanship;

        **c)**  Planning, zoning, development, surveying, siting, grading, compaction; or

        **d)**  Maintenance, installation, renovation, repair, or remodeling

        of part or all of any property on or off the "premises";

    **2)**  A defect, weakness, inadequacy, fault, or unsoundness in materials used in construction or repair of part or all of any property on or off the "premises"; or

Section A(3)(b)(3)(c)(1)-(2).

## 2.  Appraisal

If we and you disagree on the value of the property, the amount of Net Income and operating expense, or the amount of "loss", either may make written demand for an appraisal of the "loss". In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense, and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    **a.**  Pay its chosen appraiser; and

8

    **b.**  Bear the other expenses of the appraisal and umpire equally.

    If there is an appraisal, we still retain our right to deny the claim.

Section D(2).

## COUNT ONE – DECLARATORY RELIEF REGARDING COVERAGE

35.    CIC incorporates the allegations of paragraph 1 through 34 of the Complaint as though fully set forth herein.

36.    The umpire determined the actual cash value of the loss to be $1,793,757.09.

37.    CIC contends that the damage evaluated by the umpire was not fully storm-related and thus was at least partially excluded from coverage, as set forth in the Policy provisions cited herein.

38.    CIC seeks a determination that the damage evaluated by the umpire was not fully covered under the Policy.

39.    By reason of the foregoing, there now exists an actual justiciable controversy between CIC and Defendants as required by 28 U.S.C. § 2201. Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

## COUNT TWO – DECLARATORY RELIEF REGARDING POWER OF ATTORNEY

40.    CIC incorporates the allegations of paragraph 1 through 39 of the Complaint as though fully set forth herein.

41.    Del Sol executed a POA purportedly allowing Rhino Roofing to negotiate, settle, sue, and obtain proceeds pursuant to the Policy.

42.    The Policy prohibits transfer of rights.

43.     Rhino Roofing is prohibited by New Mexico statutory authority from engaging in the activity contemplated by the POA.

44.     Rhino Roofing's POA is void as a matter of public policy.

45.     Rhino Roofing is not entitled to the proceeds to which Rhino Roofing claims entitlement.

46.     Rhino Roofing has no standing under the POA to pursue claims or litigation against CIC.

47.     CIC seeks a determination that Rhino Roofing's POA is void as a matter of public policy and is prohibited by the Policy.

48.     By reason of the foregoing, there now exists an actual justiciable controversy between CIC and Defendants as required by 28 U.S.C. § 2201.  Consequently, this Court is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation with respect to the issues raised by this Complaint.

## COUNT III – UNJUST ENRICHMENT

49.     CIC incorporates the allegations of paragraph 1 through 48 of the Complaint as though fully set forth herein.

50.     CIC paid the umpire award pursuant to a reservation of rights so as not to delay any repairs and out of an abundance of caution and good faith.

51.     Defendants knowingly benefited at CIC's expense.

52.     The benefit Defendants received is of the nature that would be unjust to keep without reimbursement to CIC.

53.     As it is directly related to Rhino Roofing, it would be unjust to allow Rhino Roofing to keep any compensation at CIC's expense because Rhino Roofing was statutorily prohibited from the course of conduct that led to Rhino Roofing's compensation.

WHEREFORE, Plaintiff Cincinnati Insurance Company respectfully requests this Court to declare the rights and obligations of the parties hereto in accordance with CIC's contentions herein; specifically, finding that Del Sol's claim was not entirely covered pursuant to the Policy; that CIC has paid all sums owed; that CIC is entitled to reimbursement of sums owed for portions of the claim that were not covered; that Rhino Roofing's POA is void as a matter of public policy and contrary to the Policy language; and that Rhino Roofing was unjustly enriched by CIC and must reimburse CIC for sums paid.   CIC also seeks a declaration that CIC has not acted in bad faith in its interpretation of the coverage; and awarding CIC such other and further relief, including its costs, as this Court deems just and proper.

Respectfully Submitted,

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Jennifer G. Anderson*
    Jennifer G. Anderson
    Sonya R. Burke
    Attorneys for CIC
    Post Office Box 2168 (87102)
    500 Fourth Street, N.W. Suite 1000
    Albuquerque, New Mexico 87103-2168
    Tel: (505) 848-1800
     jga@modrall.com
    srbu@modrall.com
*Attorneys for Plaintiff Cincinnati Insurance Company*